**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

JOHN SCOTT and
DOTTIE SCOTT                                                                                  PLAINTIFFS

V.                                                                CIVIL ACTION NO. 1:14-CV-00037-SA-DAS

SPENCER GIFTS, LLC                                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiffs John Scott and Dottie Scott commenced this diversity action against Spencer Gifts, LLC.[1] Plaintiffs allege they were falsely accused of and detained for shoplifting, and they seek relief pursuant to various theories under Mississippi law. Defendant has filed a Motion for Summary Judgment [47]. Upon consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

In August 2013, Plaintiffs visited Spencer Gifts, located in Barnes Crossing Mall in Tupelo, Mississippi. While exiting the store, the Spencer Gifts manager Noriko Coats stopped John Scott and asked "can I have that choker back?" According to Dottie Scott, Coats "was screaming" that John Scott had a choker. John Scott reentered the store, and, after mall security arrived, acceded to a search of his person. Coats questioned plaintiffs in the storefront and later in the private back storeroom in the presence of two mall security guards. Dottie Scott testified that while in the back room, Coats pointed toward Dottie Scott and said "if [John Scott] don't

---

[1] Plaintiffs also named, as a Jane Doe Defendant, "Manager of Spencer Gifts, LLC," who has subsequently been identified as Noriko Coats. Coats has not been made an official party to this proceeding through service of process. *See* FED. R. CIV. P. 4(k); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

have it then she's got it." Neither was found to be in possession of the allegedly stolen merchandise, and at the insistence of the security guards, Plaintiffs were permitted to leave.

Plaintiffs then initiated this action, seeking to recover compensatory and punitive damages under Mississippi law for defamation, false arrest, false imprisonment, unlawful detention, intentional infliction of emotional distress, and failure to train or supervise. Defendant filed a Motion for Summary Judgment [47], arguing that Plaintiffs have offered insufficient proof to support their claims, or alternately, that Plaintiffs have not established a basis for the compensatory or punitive damages sought.

In their response, Plaintiffs have made no argument and offered no proof in support of their claims of intentional infliction of emotional distress and failure to train or supervise, and thus the Court finds these theories to be abandoned. *See Sanders v. Sailormen, Inc.*, 2012 WL 663021, at *3, 2012 U.S. Dist. LEXIS 26462, at *8 (S.D. Miss. Feb. 28, 2012) (collecting cases), *aff'd*, 506 F. App'x 303 (5th Cir. 2013) ("Failure to address a claim results in abandonment thereof."). The Court now turns to the remaining issues.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

<u>Defamation</u>

Under Mississippi law, a claim of spoken defamation—termed slander—requires proof of "(1) a false and defamatory statement concerning the plaintiff; (2) unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Bros. v. Winstead*, 129 So. 3d 906, 928 (¶75) (Miss. 2014) (citation omitted). Of these elements, Defendant argues that Dottie Scott has not established publication of a defamatory statement, that the alleged statements concerning both Plaintiffs were privileged, and that neither plaintiff has demonstrated the requisite actionability.

*Publication*

While it is undisputed that John Scott was accused in front of several other Spencer Gifts patrons of taking the choker, the only charge Coats levied against Dottie Scott—"if he don't have it then she's got it"—took place in the back storeroom, away from other shoppers. Defendant contends that the absence of a public statement precludes Dottie Scott's recovery.

Defamation does not require, however, that the false statement be made in a crowd of witnesses. Rather, "unprivileged publication to a third *party*" is sufficient. *Bros.*, 129 So. 3d at 928 (¶75) (emphasis added); *see also* ROBERT A. WEEMS, MISSISSIPPI LAW OF TORTS § 11:5 (2d ed. 2008) ("Publication requires a communication of the statement to another person or persons."); Restatement (Second) of Torts § 577(1) ("Publication of defamatory matter is its communication . . . to *one* other than the person defamed) (emphasis added). Coats' statement concerning Dottie Scott was allegedly made to a security guard in the presence of both Plaintiffs and another security guard. This was a sufficient audience for purposes of the publication element.

*Privilege*

Defendant additionally contends that Plaintiffs' defamation claims are foreclosed by the shopkeeper's privilege, located in Mississippi Code Section 97-23-95. This statutory privilege "supplants the ancient common law qualified privilege provided to merchant publishers of defamatory material." *Boone v. Wal-Mart Stores*, 680 So. 2d 844, 846 (Miss. 1996). It provides a shield from civil liability for merchants who question suspected shoplifters, so long as the questioning is done "(1) in good faith, (2) with probable cause, and (3) in a reasonable manner." *Id.* (citing MISS. CODE ANN. § 97-23-95). The Mississippi Supreme Court has held that the burden of proof for these three elements lies with the party asserting privilege. *Id.* at 847. Thus, a

finding that Coats' questioning was conducted unreasonably will alone be sufficient to defeat the shopkeeper's privilege. *See id.*

Bearing on the reasonableness inquiry, the record evinces Coats' persistence in questioning Plaintiffs even when faced with evidence contradicting her suspicion of shoplifting. John Scott emptied his pockets in the store for Coats and mall security, and Coats personally patted him down, but she did not find the merchandise on his person. Nonetheless, according to Dottie Scott, the following exchange took place in the back storeroom:

> the [security] guard said, you need to let them leave. And [Coats] said, no. And [John Scott] asked them could we go. He said, you see I don't have it. Why can't we just—why can't we go? And she said, no. She wasn't satisfied he didn't have it.

Additionally, though there are vastly disparate accounts of Coats' temperament during the incident, John Scott testified that Coats' accusations grew louder and louder, and Dottie Scott explained that Coats was, at times, screaming while in the crowded store. *See J.C. Penny Co. v. Cox*, 148 So. 2d 679, 685 (Miss. 1963) ("[T]he qualified privilege under the statute does not give the merchant the right to embarrass or harass individuals suspected, in public view of every one, in a rude manner.") In light of Coats' persistence and allegedly forceful tone, the Court finds a genuine factual dispute as to whether the questioning of Plaintiffs was conducted in a reasonable manner. Thus, Defendant has not shown that the shopkeeper's privilege precludes liability as a matter of law.

*Actionable*

Defendant next asserts that the accusations of shoplifting, even if defamatory, are not actionable. For slanderous statements to be actionable, Plaintiffs must prove that either (a) they experienced "special harm," which is "the loss of something having economic or pecuniary value" or (b) that Defendant's actions constituted slander *per se*. *Speed v. Scott*, 787 So. 2d 626,

5

632 (¶25) (Miss. 2001). Plaintiffs make no argument concerning special harm, contending only that Coats' alleged accusations are actionable as slander *per se*.

Upon a showing of slander *per se*, "general damages" are presumed, and additional economic damages need not be proven. *Bros.*, 129 So. 3d at 929 (¶77). Under Mississippi law, statements constituting slander *per se* are:

> (1) [w]ords imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment[;] (2) [w]ords imputing the existence of some contagious disease[;] (3) [w]ords imputing unfitness in an officer who holds an office of profit or emolument, either in respect of morals or inability to discharge the duties thereof[;] (4) [w]ords imputing a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business; and . . . (5) words imputing to a female a want of chastity.

*Id.* at 928 (¶76) (quoting *Speed*, 787 So. 2d at 632 (¶27)).

Plaintiffs argue that Coats' accusations fit within the first category, reserved for words imputing certain criminal acts. Indeed, opinions from this Court and the Mississippi Supreme Court make clear that false accusations of shoplifting rise to the level of slander *per se*. See *Earnest v. Wal-Mart Stores, Inc.*, 2000 WL 33907695, at *1, *4, 2000 U.S. Dist. LEXIS 1064, at *2, *11 (N.D. Miss. Jan. 20, 2000) (holding that "general damages [were] presumed to result" from accusation that plaintiff shoplifted a tube of lipstick); *Foster v. Noel*, 715 So. 2d 174, 184 (Miss. 1998) (noting, in case involving false accusation of stolen rib eye steaks, "it is well-settled that to charge a person with theft or larceny is actionable per se and that in slander actions by persons who have been charged with theft or larceny general damages need not be pleaded or proved, but are presumed to result"); *Boler v. Mosby*, 352 So. 2d 1320, 1322-23 (Miss. 1977) (concluding that being falsely accused of shoplifting thirty-six ounces of bacon and a "ham of meat" was actionable *per se*); *SW Drug Stores of Miss., Inc. v. Garner*, 195 So. 2d 837, 839, 841 (Miss. 1967) (finding statement "you stole the soap" to be slander *per se*); *Scott-Burr Stores*

*Corp. v. Edgar*, 177 So. 766, 767, 769 (1938) (holding that "you stole some razor blades" was statement constituting slander *per se*).

In arguing that accusations of stealing a choker do impute the level of wrongdoing giving rise to slander *per se*, Defendant relies heavily on *Speed v. Scott*, a Mississippi Supreme Court case involving a dispute between a volunteer firefighter and his fire chief. 787 So. 2d at 628 (¶3). In that case, the firefighter had generated two sheets of paper containing measurements relating to a firemen's training program. *Id.* at 628-29 (¶7). At a department meeting, the chief accused the firefighter of wrongfully withholding the papers from the fire department and allegedly called him a thief. *Id.* at 629 (¶8). The Mississippi Supreme Court found these accusations did not constitute slander *per se*. *Id.* at 635-36 (¶43). Though recognizing that "larceny can be a serious charge," the Court explained, in pertinent part, that the documents had "no intrinsic monetary value[;]" and "there was no possibility shown by these words that [plaintiff] would have suffered meaningful criminal liability from the theft." *Id.* at 634 (¶34).[2]

Distinguishing this case from *Speed*, the choker at issue here *did* have a monetary value of $9.99, and shoplifting carries with it the possibility of criminal liability. *See* MISS. CODE ANN. § 97-23-93(5)(a) (providing, as potential punishment for petty shoplifting, imprisonment in county jail for up to six months, fine of up to $1,000, or both). Moreover, the *Speed* Court expressly recognized that the accusation in *Boler* of stealing bacon and ham—similar to the accusations here—was indeed actionable *per se*, as it involved a "significant criminal act[]." *Speed*, 787 So. 2d at 635 (¶39).

Consistent with the numerous cases in which courts applying Mississippi law have held shoplifting to be slander *per se*, the Court finds Coats' alleged accusations that Plaintiffs

---

[2] The Court also noted that merely labeling someone as a thief does not equate to a charge of a crime involving moral turpitude. *Id.* at 633 (¶ 29).

shoplifted the choker are actionable, even without proof of economic or pecuniary harm. Accordingly, Defendant's motion for summary judgment is denied as to Plaintiffs' defamation claims.

False Imprisonment[3]

Under Mississippi law, the two elements of false imprisonment are: "(1) the detention of the plaintiff, and (2) the unlawfulness of such detention." *Alpha Gulf Coast, Inc. v. Jackson*, 801 So. 2d 709, 720 (¶28) (Miss. 2001) (citations omitted).[4] Defendant challenges both elements.

*Detention*

A detention is established by proof that Plaintiffs were subject to actual force or "reasonably apprehended force." *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 141 (¶15) (Miss. Ct. App. 2008) (quoting *Martin v. Santora*, 199 So. 2d 63, 65 (Miss. 1967)). It is undisputed that neither Coats nor mall security used actual force to detain Plaintiffs, and thus, to prevail, Plaintiffs' submission to the search and questioning must have been a product of "reasonably apprehended force." *Mayweather*, 996 So. 2d at 141 (¶15) (quotation omitted).

In this regard, two cases involving suspicion of shoplifting are instructive, *Turner v. Hudson Salvage, Inc.*, 709 So. 2d 425 (Miss. 1998) and *Southwest Drug Stores*, 195 So. 2d 837. In *Turner*, the plaintiff was demanded to return from the parking lot for questioning about an allegedly stolen pair of shoes, and was escorted by several security guards to the store manager's office. 709 So. 2d at 427 (¶¶6-7). In *Southwest Drug Stores*, the plaintiff was stopped in the store parking lot by the defendant, who "did not put a hand on her or her belongings, but he did

---

[3] To the extent that Plaintiffs' theories of false imprisonment, false arrest, and unlawful detention represent different claims, the analysis herein applies to all three.

[4] Damages need not be proven to sustain a claim of false imprisonment because, as a willful tort, the plaintiff is "entitled to formal redress for the wrong committed against him even if he cannot demonstrate . . . that he suffered an actual injury as a result." *Whitten v. Cox*, 799 So. 2d 1, 10 (¶ 15) (Miss. 2000) (citation and quotation omitted).

8

demand that she return to the store" to prove that she had stolen a bar of soap. 195 So. 2d at 839. Once she was absolved of the suspected shoplifting, the defendant apologized and "did not ask her to remain . . . ." *Id.* Although, in neither case did the Mississippi Supreme Court expressly address whether there was a detention, it nevertheless found that issues of fact as to the plaintiffs' claims of false imprisonment existed in both cases. *Turner*, 709 So. 2d at 429 (¶24); *SW Drug Stores*, 195 So. 2d at 841-42.

Similarly here, Coats directed John Scott to return to the store, and, according to Dottie Scott, both plaintiffs were asked by the security guards to accompany them to the back room.[5] Such level of restraint is on par with that in *Turner* and, if anything, more intrusive than that in *Southwest Drugs*. These Supreme Court cases apparently compel the conclusion that evidence of reasonably apprehended force has been submitted in this case.

Defendant counters that no detention occurred because Plaintiffs returned to the store and back storeroom voluntarily. Cited in support of this proposition is a case from the Mississippi Court of Appeals, *Mayweather v. Isle of Capri Casino*, 996 So. 2d 136, 141 (¶¶14-16) (Miss. Ct. App. 2008). There, a casino patron suspected of taking another patron's wallet was approached by security guards, who asked her to accompany them to an interview room. *Id*. at 140 (¶13). While in the room, one security guard sat in front of the exit door, but no threats were made nor force employed. *Id.* The court explained that the plaintiff voluntarily accompanied the guards, that she never attempted or asked to leave, and that there was no evidence the guard would have restrained her had she tried. *Id.* at 141 (¶16). There was, in the view of the Court of Appeals, no reasonably apprehended force and no detention. *Id.*

---

[5] It makes no difference whether the actual detention was effected by mall security or by Coats because "[o]ne who *instigates or participates* in the unlawful confinement of another is subject to liability to the other for false imprisonment." *Watson ex rel. Watson v. Jones Cnty. Sch. Dist. ex rel Jones Cnty Sch. Bd. of Educ.*, 2008 WL 4279602, at *4, 2008 U.S. Dist. LEXIS 69008, at *11 (S.D. Miss. Sept. 11, 2008) (quoting Restatement (Second) of Torts § 45A) (emphasis added).

This case is different from *Mayweather* in two important respects. First, John Scott and Dottie Scott indicated that they felt compelled to stay in the store and storeroom due to the presence of the mall security, a notion supported by the testimonies of both security guards. When asked whether shoplifting suspects would be allowed to leave, one guard testified "if we had good reason to believe that they had something on them, then we would have made them stay." The other guard explained that if someone suspected of shoplifting tries to leave, "[n]ormally the manager will follow them out and we'll follow in behind the manager and we'll apprehend them." Second, as previously discussed, there is evidence that John Scott asked whether they could leave from the back storeroom and that Coats expressly denied permission. Therefore, *Maywhether*, which involved no evidence of prospective restraint or denied requests for release, *id.*, is inapposite.

Another case on which Defendant relies, *State for Use of Powell v. Moore*, 174 So. 2d 352 (Miss. 1965), provides even less assistance to its position. In that case, the Mississippi Supreme Court affirmed a jury's finding of no detention when the evidence showed that plaintiff "went willingly and without protest to the city hall with the deputy sheriff in order to clear up [an] error of identification." *Id.* at 478. Though the jury was entitled to find for defendant on the question of detention, the Court made clear that it was a "rather close" factual issue. *Id.* Thus, *Moore* actually supports a finding of material factual disputes on Plaintiffs' claims.

Given the testimony that John Scott was told to return to the store, that both Plaintiffs were asked by security to retreat to the back storeroom, and that Coats refused to permit Plaintiffs to leave, the Court finds that Plaintiffs have presented a genuine issue of material fact as to whether they were subject to reasonably apprehended force.

*Unlawfulness*

The Mississippi Supreme Court has explained that a detention will be held unlawful unless "looking at the totality of the circumstances, the actions of the Defendant[s] were objectively reasonable in their nature, purpose, extent, and duration." *Alpha*, 801 So. 2d at 720 (¶28) (quoting *Wallace v. Thornton*, 672 So. 2d 724, 727 (Miss. 1996)). Importantly, the relevant inquiry is the "reasonableness of the defendant['s] actions, not the[] intent . . . ." *Wallace*, 672 So. 2d at 727.

As previously discussed, Plaintiffs' evidence shows that Coats screamed at John Scott and that she detained Plaintiffs even after a thorough search of John Scott's person and after the security guard advised Coats to release Plaintiffs. Echoing the earlier conclusion with regard to shopkeeper's privilege, the Court finds a jury question as to whether the alleged detention was unreasonable in nature, purpose, extent, and duration. *See id.* Summary judgment is, therefore, unwarranted on the claims of false imprisonment.

Damages

Defendant additionally seeks preclusion of a monetary award at trial, arguing that Plaintiffs have submitted no evidence of any lasting injury to sustain an award of compensatory or punitive damages.[6] However, once a plaintiff successfully proves a claim of slander *per se*, there is no need to prove or plead damages. *McCrory Corp. v. Istre*, 173 So. 2d 640, 646 (Miss. 1965) (citing *Travis v. Hunt*, 79 So. 2d 734, 735 (1955)). Rather, "general damages are presumed to result." *Bros.*, 129 So. 3d at 929 (¶77). Therefore, having found a basis in the record to sustain

---

[6] Defendant makes no argument concerning whether Defendant exhibited the level of conduct required for the issue of punitive damages to be submitted to the jury. *See* MISS. CODE. ANN. § 11-1-65(1)(a) (permitting punitive damages instruction upon evidence of Defendant's "actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or . . . actual fraud"). The Court, therefore, does not address this issue.

Plaintiffs' claims of slander *per se*, the Court likewise finds that Plaintiffs have created an issue of fact as to whether they are entitled to damages.

*Conclusion*

For the above reasons, Defendant's Motion for Summary Judgment [47] is GRANTED IN PART and DENIED IN PART. Plaintiffs made no argument in support of their claims of intentional infliction of emotional distress and failure to train or supervise. Those claims are abandoned and hereby dismissed. The Court finds that all other claims involve genuine issues of material fact and are not appropriate for summary judgment. A separate order to that effect shall issue this day.

SO ORDERED, this 10th day of July, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**